UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**JS-6**

| Case No. | **EDCV 17-1210 JGB (KKx)** | Date | June 15, 2018 |
|---|---|---|---|
| Title | *Kenneth Brewington v. NBS Default Services, LLC, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order DISMISSING Action for Failure to Prosecute (IN CHAMBERS)

### I.   BACKGROUND

On April 3, 2017, Plaintiff Kenneth Brewington ("Plaintiff"), proceeding pro se, filed a Small Claims Court Complaint against Defendants NBS Default Services, LLC, Nationstar Mortgage LLC, Veriprise Processing Solutions, LLC, Mortgage Electronic Registration Systems, Inc., Bank of America, N.A. ("BoA"), and HSBC Bank USA, National Association ("Defendants") in the Superior Court of California, County of Riverside. (Dkt. No. 1-2.) On June 19, 2017, Defendants removed the action to this Court. (Dkt. No. 1.) On June 26, 2017, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 12), which the Court granted on August 17, 2017 (Dkt. No. 21). Plaintiff then filed a First Amended Complaint on September 1, 2017. (Dkt. No. 22.) On September 18, 2017, all Defendants except BoA filed a motion to dismiss. (Dkt. No. 24.) The Court granted the motion to dismiss on November 3, 2017. (Dkt. No. 30.)

On March 21, 2018, BoA filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ("Motion," Dkt. No. 33.) Defendant noticed the hearing for May 7, 2018. (Id.) Plaintiff failed to file a timely opposition as required by Central District Local Rule 7.9. On May 2, 2018, the Court continued the May 7, 2018 hearing to June 25, 2018 and ordered Plaintiff to file an opposition no later than May 21, 2018. ("Order," Dkt. No. 39.) The Court warned Plaintiff that "[f]ailure to file a timely opposition will result in granting of the Motion and dismissal of the case." (Id. at 1.)

## II.  DISCUSSION

In deciding whether to dismiss an action for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

### A. Public's interest in expeditious resolution of litigation

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (citing Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Plaintiff failed to file a timely opposition to the Motion in violation of Local Rule 7-9.  Instead of granting the Motion, the Court continued the May 7, 2018 hearing and granted Plaintiff additional time to file an opposition.  The Court ordered Plaintiff to file an opposition no later than May 21, 2018.  (Order.)  To date, Plaintiff has not opposed the Motion.  The Court finds this factor weighs in favor of dismissal.

### B. Court's need to manage its docket

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," such as Plaintiff.  Id. (citing Ferdik, 963 F.2d at 1261).  Thus, the Court determines that this factor also favors dismissal.

### C. Risk of prejudice to defendants/respondents

"The law also presumes prejudice from unreasonable delay.  The presumption may be rebutted . . ."  In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).  Because of Plaintiff's failure to file an opposition, the proceedings have been unnecessarily delayed.  This too weighs in favor of dismissal.

### D. Availability of less drastic alternatives

The Court made clear in its March 2018 Order that failure to file an opposition would result in dismissal.  It does not seem that less drastic measures would be appropriate or effective.

### E. Public policy favoring disposition of cases on their merits

Lastly, "[p]ublic policy favors disposition of cases on the merits." Pagtalunan, 291 F.3d at 643.  Because Plaintiff has not filed an opposition, the Court would be forced to reach the merits of the Motion without the benefit of full briefing.  This factor slightly favors dismissal.

The Court, having considered all factors, finds that dismissal for failure to prosecute is warranted. See Ferdik, 963 F.2d at 1263 (finding dismissal was appropriate when three factors weighed in favor of such); Pagtalunan, 293 F.3d at 643 ("Three factors favor dismissal and two factors weigh against dismissal. This is a close case and, under these circumstances, we cannot say that the district court abused its discretion.").

### III.    CONCLUSION

For the foregoing reasons, the Court DISMISSES the action and DIRECTS the Clerk to close the case.

**IT IS SO ORDERED.**